LUISA ANA MARÍA, ARTURO LEOPOLDO, MARÍA PETRA LUZ and JOSÉ EULOGIO VÁZQUEZ, the latter in his own behalf and as guardian of JAIME JOSÉ, LUZ and ESTELA CATALINA VÁZQUEZ, Plaintiffs and Appellants, *v.* CIPRIANO SANTOS-LANCHAS, Defendant and Appellee.

No. 3490. Argued May 18, 1925.—Decided August 1, 1925.

MORTGAGE—FORECLOSURE.—The annulment of a foreclosure and sale under the summary process of the Mortgage Law should not be ordered although the the plaintiff's claim exceeds the mortgage debt, if the order of the court did not follow the complaint but followed the mortgage deed. The order delivered to the marshal and served was couched in substantially the same language and sufficiently shows that notwithstanding the sale of the property for a greater sum, it was sold to collect a sum not in excess of the mortgage claim.

First District Court of San Juan, Charles E. Foote, J. Judgment for the defendant with costs. *Affirmed.*

*Juan B. Soto* and *Sebastián García* for the appellants. *José Martínez Dávila* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The court below refused to annul an execution and sale under the summary process of the Mortgage Law. The appellants attempt to show that the complainants therein sought and obtained a judgment for more than was allowed by the mortgage deed.

The mortgage deed, after mentioning the principal debt, allowed up to $1,150 for interest, costs and disbursements. The prayer of the complaint in the mortgage proceeding asked for $8,400, $315 for interest up to October 31st last past, and the costs, disbursements and attorney's fees up to $1,150. The appellant maintains that the complainant was asking for $1,150 and $315, which would make the claim exceed the mortgage claim. The court below thought otherwise.

To work backwards, the amount for which the property was sold was $9,710. Itemized, this amount was $8,400 for principal, $1,150 for interest, costs and disbursements, and $160 for expert fees. This last $160 was for expert fees in a previous trial which both parties stipulated should be made and is not a matter of discussion in this appeal. It sufficiently appears, therefore, that the property, adjudicated to mortgagee, was sold to cover $8,400 principal and $1,150 for the other items, all not in excess of the mortgage claim. There were intermediate proceedings and delays to bring up the total interest and costs.

Even if the claim of the complainant exceeded the mortgage, the order of the court did not follow the complaint, but followed the mortgage deed. The order of November 11, 1916, after the filing of the complaint, was for $8,400 with interest at nine per cent in addition to the costs, etc., up to the sum of $1,150, practically repeating the language of the mortgage deed. The order delivered to the marshal and served was couched in substantially the same language.

Reverting to the complaint, it is then only a little ambiguous. At the time it was filed only $315 was due for

interest, so the complainant claimed that amount specifically, and then claimed the total amount allowable of $1,150.
The complaint, however, is susceptible of being read as
claiming $315 and anything more due the complainant up
to the total of $1,150, and so apparently it was understood
by the court, the marshal and the bidder at the auction sale.
The judgment should be affirmed.